**UNITED STATES of America,
Appellee,**

v.

**Maurice CAMPBELL, Defendant–Appellant.**

**No. 14–4437–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 15, 2015.

Monica J. Richards and Joseph J. Karaszewski, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y., for Appellee.

Robert G. Smith and Jay S. Ovsiovitch, Federal Public Defender's Office, Western District of New York, Rochester, N.Y., for Defendant–Appellant.

PRESENT: PETER W. HALL, DEBRA ANN LIVINGSTON, SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Maurice Campbell appeals his sentence of 11 months' imprisonment and two years' supervised release imposed for violating the conditions of his supervised release. Campbell challenges only the substantive reasonableness of his sentence on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The standard of review on the appeal of a sentence for violation of supervised release is . . . the same standard as for sentencing generally. . . ." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir.2005). We review a district court's sentence for reasonableness "under a 'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *Id.* Substantive review examines the length of the sentence imposed. *United States v. Bonilla*, 618 F.3d 102, 108–09 (2d Cir.2010). We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range

of permissible decisions." *United States v. Lifshitz,* 714 F.3d 146, 149 (2d Cir.2013) (per curiam) (quoting *Cavera,* 550 F.3d at 189). A sentence falls outside the range of permissible decisions when, "although procedurally correct, [affirming] would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas,* 583 F.3d 108, 123 (2d Cir.2009).

Campbell has failed to show that his sentence, which was within the applicable Guidelines range, "cannot be located within the range of permissible decisions." *Lifshitz,* 714 F.3d at 149. Although Campbell contends that less severe alternatives to imprisonment, such as continued home monitoring or placement in a residential alcohol treatment facility, would have served the purposes of sentencing, Campbell had pleaded guilty to violating the conditions of his home monitoring and to being discharged from an alcohol treatment program for consuming alcohol. Campbell's sentence was not "shockingly high … or otherwise unsupportable as a matter of law." *Rigas,* 583 F.3d at 123.

We have considered Campbell's remaining arguments and find them to be without merit. We therefore **AFFIRM** the judgment of the district court.